IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00046-BNB

STEVEN ANGELO PEREZ,

Applicant,

v.

ARISTEDES W. ZAVARAS, Executive, and
COLORADO DEPARTMENT OF CORRECTIONS,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 23 2011

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

Applicant, Steven Angelo Perez, is a prisoner in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Denver Reception and Diagnostic Center in Denver, Colorado. Mr. Perez, acting ***pro se***, has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging his current placement at the DOC and claiming that because he was sentenced in this Court, in Case No. 05-cr-00295-JLK, prior to his sentencing by the State of Colorado in Case No. 08CR2596, the federal sentencing governs, and he should be placed in federal custody to serve the federal sentence first.

The Court must construe the Application liberally because Mr. Perez is a ***pro se*** litigant. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a ***pro se*** litigant's advocate. ***See Hall***, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

On April 15, 2010, in Case No. 05-cr-00295-JLK, a writ of habeas corpus ad prosequendum was issued for Mr. Perez's initial appearance in this Court for a charge of violation of his supervised release. ***See United States v. Perez***, No. 05-cr-00295-JLK at Doc. No. 83 (D. Colo. Nov. 23, 2005). The writ acknowledged that (1) Mr. Perez was confined at the Adams County Detention Facility; (2) he be brought before a United States magistrate judge in this Court for an initial appearance; and (3) he be returned to the Adams County Detention Facility once the proceedings were concluded in this Court in Case No. 05-cr-00295-JLK. ***Id.*** On August 31, 2010, a supervised release violation hearing was held at which Mr. Perez's supervised release was revoked and he was ordered imprisoned for a term of eighteen months at the United States Bureau of Prisons. ***Id.*** at Doc. Nos. 101 and 102. Subsequently, on August 2, 2010, Mr. Perez was returned to the Adams County Detention Facility pursuant to the terms of the writ of habeas corpus ad prosequendum. ***Id.*** at Doc. 103.

"The sovereign that first acquires custody of a defendant in a criminal case is entitled to custody until it has exhausted its remedy against the defendant." ***See Weekes v. Fleming***, 301 F.3d 1175, 1180 (10th Cir. 2002) (citing ***Ponzi v. Fessenden***, 258 U.S. 254, 262 (1922)). "This rule of comity does not destroy the jurisdiction of the other sovereign over the defendant; it simply requires it to postpone its exercise of jurisdiction until the first sovereign is through with him or until the first sovereign agrees to temporarily or permanently relinquish custody. ***Id.*** (citations omitted)

Although the federal sentence was imposed prior to Mr. Perez's State of Colorado sentence, under the applicable law his federal time does not actually begin to run until he is taken into federal custody, which has not occurred. ***Binford v. United***

***States***, 436 F.3d 1252, 1255 (10th Cir. 2006) (holding that "[a] federal sentence does not commence until a prisoner is actually received into federal custody for that purpose."); ***see also*** 18 U.S.C. § 3585(a). Also, federal authorities had no duty to take Mr. Perez immediately into custody before he completed the service of his state sentence. ***Bloomgren v. Belaski***, 948 F.2d 688, 691 (10th Cir. 1991).

The terms of the writ of habeas corpus ad prosequendum indicate that Adams County had primary custody of Mr. Perez and the right to maintain or relinquish control of him. The writ also indicates that Adams County maintained control of Mr. Perez and the United States took only temporary custody of Mr. Perez. The State of Colorado was entitled to Mr. Perez's return after his federal sentencing under the law of comity and the requirements of the writ. ***Weekes***, 301 F.3d at 1180. Subsequent to Mr. Perez's return to the Adams County Detention Facility, he was convicted in Case No. 08CR2596 and was sentenced to four years of incarceration in the DOC. Therefore, the Court finds that Mr. Perez has no right to be returned to federal custody prior to the expiration of his State of Colorado sentence. Accordingly, it is

ORDERED that the 28 U.S.C. § 2241 Application is denied and the action is dismissed.

DATED at Denver, Colorado, this 22nd day of February, 2011.

BY THE COURT:

Zita Leeson Weinshienk

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00046-BNB

Steven Angelo Perez
Prisoner No. 89256
PO Box 392004
10900 Smith Rd
Denver, CO 80239

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on February 23, 2011.

GREGORY C. LANGHAM, CLERK

By: ______________________
Deputy Clerk